## A06A2127. COOK v. PREHISTORIC PONDS, INC.

(640 SE2d 383)

JOHNSON, Presiding Judge.

Erman Cook, Jr., filed an application for discretionary appeal after the superior court held that his employment with Prehistoric Ponds, Inc. does not come within the Workers' Compensation Act ("Act") because the employer is a farm, and farm laborers are not covered by the Act.[1] We granted his application.

Days after Cook's application was granted, this Court decided another workers' compensation case involving the question of whether Prehistoric Ponds is a farm and therefore excluded from the Act. In that case, *Gill v. Prehistoric Ponds, Inc.,*[2] we held that Prehistoric Ponds is not a "farm" as that term is used in the Act, and the Act does indeed apply. The *Gill* decision controls here, and we reverse the judgment of the superior court.

Prehistoric Ponds is a corporation whose business is to breed, rear, and slaughter alligators.[3] After the alligators are slaughtered, their meat, hides, and heads are sold.[4] The sale of hides constitutes the majority of Prehistoric Ponds' business.[5] Cook's responsibilities included mixing feed for alligators, feeding alligators, and slaughtering them. He was injured when an alligator bit him as he was performing his job duties.

Cook applied for workers' compensation benefits. After a hearing, an administrative law judge found that Prehistoric Ponds is a farm and Cook is a farm laborer. Because the Act does not apply to farm laborers, the court held that Cook was precluded from collecting workers' compensation benefits.

Cook appealed the award to the appellate division of the State Board of Workers' Compensation ("Board"). The Board vacated the

---

[1] See OCGA § 34-9-2 (a).
[2] 280 Ga. App. 629 (634 SE2d 769) (2006).
[3] Id.
[4] Id.
[5] Id.

award, finding that Prehistoric Ponds is a processing plant, rather than a farm, that Cook is not a farm laborer, and that he is not precluded from receiving workers' compensation benefits.

Prehistoric Ponds appealed from that award. The superior court reversed the award of the Board, finding that Prehistoric Ponds is a farm, and Cook was working as a noncovered farm laborer at the time of the injury.

1. Cook contends the superior court erred in finding that Prehistoric Ponds is not subject to the Act. We agree with Cook.

As is exhaustively explained in *Gill*, Prehistoric Ponds is not a farm, essentially because alligators are "wildlife," not "[live]stock . . . [or] fur-bearing animals."[6] Thus, Prehistoric Ponds does not fall within the exemption provided by OCGA § 34-9-2 (a).[7] The superior court erred in concluding otherwise.

2. Cook's remaining enumerations of error are rendered moot by our holding in Division 1.

*Judgment reversed. Miller and Ellington, JJ., concur.*


DECIDED DECEMBER 14, 2006.


*Franklin D. Hayes*, for appellant.
*Chad R. Corlee*, for appellee.


---

[6] (Punctuation omitted.) Id. at 633 (2).
[7] See id.